**O**

## United States District Court
## Central District of California

| | |
|---|---|
| BASTIAT USA, INC., | Case № 2:25-cv-05701-ODW (DMKx) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [22]** |
| v. | |
| SHEIN DISTRIBUTION CORP. et al., | |
| Defendants. | |

### I.    INTRODUCTION

Plaintiff Bastiat USA, Inc. d/b/a Brandy Melville brings this copyright and trademark infringement action against Defendants Shein Distribution Corp.; Shein Technology LLC; Shein US Services, LLC; and Roadget Business Pte., Ltd. (Compl., Dkt. No. 1.)  Defendants now move to dismiss Bastiat's second and third causes of action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), and to strike the contributory and vicarious false designation of origin allegations in Bastiat's fourth and fifth causes of action pursuant to Rule 12(f).  (Mot. Dismiss ("Motion" or "Mot."), Dkt. No. 22.)  For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.   BACKGROUND[2]

Brandy Melville is one of the most popular worldwide fashion and lifestyle brands for girls and young women. (First Am. Compl. ("FAC") ¶ 19, Dkt. No. 21.) It markets and sells clothing online and in retail stores across California, the United States, and international markets. (*Id.* ¶ 20.) To promote its clothing, Brandy Melville advertises its products on its website and social media platforms. (*Id.* ¶ 23.) Its Instagram account has over three million followers, and its TikTok account has over 123,000 followers. (*Id.*) Several major publications, including *Cosmopolitan*, *Elle*, and *Vogue*, feature Brandy Melville in their coverage. (*Id.* ¶ 22.)

Brandy Melville holds copyrights of various clothing designs and photographs. (*Id.* ¶¶ 26–35.) Bastiat is the assignee of Brandy Melville's copyrights. (*Id.* ¶ 9.)

Roadget is a Singapore-based company. (*Id.* ¶ 11.) It conducts business under the name "Shein" and owns the Shein website and mobile application (collectively, "Shein.com"). (*Id.*) Roadget identifies consumer trends across the internet and uses those insights to develop new products for sale in the United States. (*Id.*)

Shein Distribution Corp., Shein Technology LLC, and Shein US Services, LLC (collectively with Shein.com, "Shein") assist with the operation of Shein.com and the distribution of items in the United States. (*Id.* ¶¶ 10–13.) Shein has a vast online presence, with millions of monthly active customers, more than 250 million social media followers, and over 500 million mobile application downloads. (*Id.* ¶ 41.) Customers in more than 150 countries, including the United States, purchase fast-fashion clothing items from Shein.com. (*Id.*) Brandy Melville and Shein cater to the same customer base on social media. (*Id.* ¶ 42.)

Shein produces clothing items in small batches and restocks items based on customer demand. (*Id.*) In 2023, Shein launched "Shein Marketplace," which allows

---

[2] All factual references derive from Bastiat's First Amended Complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

third-party sellers to sell their products on Shein.com.  (*Id.* ¶ 44.)  Shein Marketplace now includes many gray-market goods.[3]  (*Id.* ¶ 47.)

Shein and third-party sellers on Shein Marketplace sell, distribute, or profit from counterfeit Brandy Melville goods.  (*Id.* ¶¶ 49, 51.)  Shein and its third-party sellers display the "exact same photographs and images" appearing on Brandy Melville's website and social media platforms to sell similar goods at lower prices on Shein.com.  (*Id.* ¶¶ 50–51.)  Neither Shein nor any third-party seller on Shein Marketplace obtained Bastiat's permission before displaying Brandy Melville's photographs and images on Shein.com.  (*Id.* ¶ 48.)

Based on these allegations, Bastiat initiated this copyright and trademark infringement action against Shein.  (Compl.)  Bastiat brings five causes of action against Shein, for (1) copyright infringement under the Copyright Act; (2) trademark infringement for false designation of origin under the Lanham Act; (3) common law unfair competition; (4) common law contributory copyright infringement; and (5) common law vicarious copyright infringement.  (FAC ¶¶ 57–89.)

Shein now moves to dismiss counts two and three and to strike the allegations of false designation of origin in counts four and five of Bastiat's First Amended Complaint, pursuant to Rules 12(b)(6) and 12(f).  (Mot.)

## III.    LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for a lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp.*

---

[3] "A gray-market good is a foreign-manufactured good, bearing a valid United States trademark, that is imported without the consent of the United States trademark holder."  *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 285 (1988).

3

*v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

Determining whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Generally, a court limits its review to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff.  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).   However, a court need not blindly accept conclusory allegations, "unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

When a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.   DISCUSSION

Shein moves to dismiss counts two and three pursuant to Rule 12(b)(6), and to strike the allegations of false designation of origin in counts four and five of Bastiat's First Amended Complaint pursuant to Rule 12(f).  (Mot.)

### A.   False Designation of Origin (Count 2)

In its second cause of action, Bastiat asserts a false designation of origin claim under the Lanham Act, invoking trademark law protections against confusion as to the origin of the goods.  (FAC ¶¶ 65–66.)  Shein argues that Bastiat's false designation of origin claim is preempted under *Dastar Corp. v. Twentieth Century Fox Film Corp.*,

539 U.S. 23 (2003), because Bastiat is merely recasting its copyright infringement claim as one for false designation of origin under trademark law. (Mot. 1.)

The Lanham Act prohibits any person from using (1) "any false designation of origin" (2) in connection with any goods or services (3) in commerce that (4) "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a).

In *Dastar*, the Supreme Court cautioned against misusing or over-extending trademark protections, including Lanham Act protections against false designation of origin, into areas protected under copyright laws. *Dastar*, 539 U.S. at 34. "When [a] claim is more accurately conceived of as attacking unauthorized copying, *Dastar* requires [courts] to avoid recognizing a 'species of mutant copyright law' by making such claims cognizable [as trademark claims] under the Lanham Act." *Slep-Tone Ent. Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*, 845 F.3d 1246, 1250 (9th Cir. 2017). Thus, if a plaintiff has a remedy under the Copyright Act, their Lanham Act claim is preempted. *Lions Gate Ent. Inc v. TD Ameritrade Servs. Co., Inc.*, 170 F. Supp. 3d 1249, 1264 (C.D. Cal. 2016).

Here, Bastiat alleges facts in support of its false designation of origin claim under the Lanham Act that implicate rights protected under the Copyright Act. Specifically, Bastiat alleges that Shein and third-party sellers on Shein Marketplace copied, without permission, photographs and product designs from Brandy Melville's website and social media to market their own products on Shein.com. (FAC ¶¶ 5, 48, 50.) At bottom, these allegations support a claim for unauthorized copying and use of creative works, conduct that falls under the purview of copyright law, not trademark law. *See Dastar*, 539 U.S. at 34 (quoting *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 165 (1989)) (rejecting the use of the Lanham Act to limit rights under copyright law). Bastiat also alleges that Shein used Brandy Melville's

advertising materials and photographs on its website. (FAC ¶ 66.) However, the Copyright Act, not the Lanham Act, supplies the relevant source of protection for such works. *See* 17 U.S.C. § 106 (providing that "the owner of copyright . . . has the exclusive right[]" to "reproduce the copyrighted work"). Accordingly, as Bastiat's false designation of origin claim rests on the alleged copying or use of its photographs, designs, or other creative content, the claim is preempted by the Copyright Act. *Dastar*, 539 U.S. at 34.

Bastiat's attempt to avoid preemption by recasting the same allegations in the language of consumer confusion fares no better. (Opp'n 13–16.) A plaintiff cannot avoid preemption by merely repackaging an alleged act of unauthorized copying as a Lanham Act violation. *See, e.g.*, *Jones v. Twentieth Century Studios, Inc.*, No. 2:21-cv-05890-PA (SKx), 2021 WL 6752228, at *9 (C.D. Cal. Dec. 7, 2021) (finding that copyright law preempts a plaintiff's trademark claim, despite the plaintiff using the phrase "likely to cause confusion"). Although Bastiat recites the elements of a false designation of origin claim, (*see* FAC ¶ 52 (alleging that Shein knew that "consumers are likely to be . . . confused as to the source of the infringing products")), Bastiat's Lanham Act claim rests on the same alleged misconduct as its copyright claim: unauthorized copying and public display.

Accordingly, the Court finds that the Copyright Act preempts Bastiat's Lanham Act claim for false designation of origin. Thus, the Court **GRANTS** Shein's Motion and **DISMISSES** Bastiat's second cause of action for false designation of origin. The dismissal is **WITHOUT LEAVE TO AMEND** as "the cause of action is preempted and any amendment would be futile." *Lions Gate*, 170 F. Supp. 3d at 1266.

**B.     Common Law Unfair Competition (Count 3)**

In its third cause of action, Bastiat alleges that Shein is liable for common law unfair competition because Shein's use of Brandy Melville's advertising materials and photographs on Shein's website falsely represents an implied association with Brandy

Melville.  (FAC ¶¶ 72–78.).  Shein argues that the Court should dismiss Bastiat's third cause of action because *Dastar* and the Copyright Act preempt it.  (Mot. 6–8.)

The Copyright Act preempts certain state law causes of action, such as common law unfair competition causes of action, "if two elements are present."  *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998).  "First, the rights that a plaintiff asserts under state law must be 'rights that are equivalent' to those protected by the Copyright Act."  *Id.* (citing 17 U.S.C. § 301(a)).  "Second, the work involved must fall within the 'subject matter' of the Copyright Act as set forth in 17 U.S.C. §§ 102 and 103."  *Id.*  Thus, "[t]o survive preemption, the state cause of action must protect rights that are qualitatively different from the rights protected by copyright: the complaint must allege an 'extra element' that changes the nature of the action."  *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir. 2004).

Here, Bastiat seeks to vindicate rights that are equivalent to those protected by the Copyright Act and pleads no "extra element that transforms the action from one arising under the ambit of the federal statute" to one arising under state law unfair competition.  *See id.*  Bastiat alleges that Shein used Brandy Melville's advertising material and photographs on its website.  (FAC ¶ 74.)  However, these allegations arise directly from the unauthorized use, reproduction, and display of copyrighted photographs and promotional images—conduct that falls squarely under the Copyright Act's subject matter concerning "pictorial, graphic, and sculptural works."  17 U.S.C. § 102(a)(5).  Moreover, Bastiat asserts rights that are exclusive to copyright owners under the Copyright Act, specifically the right to reproduce and to display in public.  17 U.S.C. § 106 (providing that a copyright holder has the right to "reproduce" and "display" the copyrighted work publicly).

Nor does the allegation of implied association supply the required "extra element" that would transform the nature of the action.  *Grosso*, 383 F.3d at 968.  Bastiat alleges that Shein's unauthorized use of Brandy Melville's advertising material and photographs on its website suggest an association with Brandy Melville.  (FAC

¶ 74.)  However, the same factual theory underlies Bastiat's cause of action for false designation of origin under the Lanham Act and its cause of action for common law unfair competition.  For example, to support its cause of action for false designation of origin under the Lanham Act, Bastiat alleges that Shein "falsely used, or permitted others to use, Brandy Melville's advertising material and photographs" on Shein's website "to impliedly represent that the product being sold was made by or otherwise associated with Brandy Melville."  (FAC ¶ 66.)  Similarly, to support its common law unfair competition claim, Bastiat alleges that Shein "us[ed], or permit[ed] others to use, Brandy Melville's advertising material and photographs" on Shein's website "to impliedly represent that the product being sold was made by or otherwise associated with Brandy Melville."  (*Id.* ¶ 74.)  Bastiat's allegations supporting both causes of action are largely identical and seek to vindicate the same rights.  As Bastiat's common law unfair competition cause of action adds no qualitatively different right beyond those protected by copyright law, the Copyright Act preempts Bastiat's third cause of action for common law unfair competition.

Accordingly, the Court **GRANTS** Shein's Motion and **DISMISSES** Bastiat's cause of action for common law unfair competition.  The dismissal is **WITHOUT LEAVE TO AMEND** as "the cause of action is preempted and any amendment would be futile." *Lions Gate*, 170 F. Supp. 3d at 1266.

C.    **Contributory and Vicarious Copyright Infringement (Counts 4–5)**

In its fourth and fifth causes of action, Bastiat alleges that Shein is liable for contributory and vicarious copyright infringement for using or permitting others to use the infringing designs and photographs on Shein's website.  (FAC ¶¶ 79–89.)  Shein moves to strike paragraphs eighty-one and eighty-seven of these counts, referencing false designation of origin, as "immaterial to the relief sought" in Bastiat's fourth and fifth causes of action.  (Mot. 8–9.)

Under Rule 12(f), the court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  The decision on whether to grant a

8

motion to strike is at the court's discretion. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). The Ninth Circuit has cautioned against the use of a motion to strike as "an attempt to have certain portions of [the plaintiff's] complaint dismissed or to obtain summary judgment against [the plaintiff] as to those portions of the suit—actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).

To state a claim for contributory or vicarious copyright infringement, the plaintiff must first establish direct infringement. *MDY Indus., LLC v. Blizzard Ent., Inc.*, 629 F.3d 928, 937 (9th Cir. 2010). Once established, the plaintiff may allege contributory infringement by additionally showing that the defendant (1) knows or has reason to know of the infringing activity, and (2) induces, causes, or materially contributes to the infringement. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). To allege vicarious copyright infringement, the plaintiff must additionally show that the defendant has "(1) the right and ability to supervise the infringing conduct," and "(2) a direct financial interest in the infringing activity." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007).

Here, to support its contributory and vicarious copyright infringement claims, Bastiat alleges that Shein "used, or permitted others to use, Brandy Melville's advertising material and photographs" on its website "to impliedly represent that . . . a customer who placed an order for the good depicted would receive the item depicted." (FAC ¶¶ 81, 87.) At this stage, the Court cannot conclude that, as Shein contends, these allegations are "immaterial to the relief sought." (Mot. 8–9); *Fogerty*, 984 F.2d at 1527 ("Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead."). These allegations may support the manner in which Shein displayed and promoted the products on its website, particularly in circumstances involving third-party sellers. Whether these allegations ultimately establish Shein's knowledge, material contribution, supervisory authority,

financial benefit, or willfulness is better resolved on a complete factual record, not on a Rule 12(f) motion. *See Colaprico v. Sun Microsys., Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) (holding that "motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."). Thus, the Court declines to strike paragraphs eighty-one and eighty-seven in the First Amended Complaint.

Accordingly, the Court **DENIES** Shein's request to strike paragraphs eighty-one and eighty-seven from the fourth and fifth causes of action in Bastiat's First Amended Complaint.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Shein's Motion. (Dkt. No. 22.) The Court **GRANTS** Shein's Motion and **DISMISSES** Bastiat's second and third causes of action **WITHOUT LEAVE TO AMEND** and **WITH PREJUDICE**. The Court **DENIES** Shein's request to strike paragraphs eighty-one and eighty-seven. Shein shall answer the surviving claims in the First Amended Complaint within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED.**

April 28, 2026

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

10